IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOE ANNA KELLY, individually, and as next of kin for BILLY JOE VAUGHN, <br><br>　　Plaintiff, <br><br>v. <br><br>SSC NASHVILLE OPERATING COMPANY, LLC, a Delaware Limited Liability Company, d/b/a GREENHILLS HEALTH AND REHABILITATION CENTER, <br><br>　　Defendant. | Case No. _____ |

## COMPLAINT

Comes now Plaintiff, Joe Anna Kelly, individually and as next of kin of Billy Joe Vaughn (hereinafter "Plaintiff Kelly"), and makes the following Complaint against SSC Nashville Operating Company, LLC, a Delaware Limited Liability Company, d/b/a Greenhills Health And Rehabilitation Center (hereinafter "Defendant"), for medical negligence in violation of the Tennessee Health Care Liability Act, Tenn. Code Ann. §29-26-101 *et seq.*, as follows:

## PARTIES

1.　Plaintiff Kelly is a citizen and resident of Nashville, Tennessee, and brings this suit as next of kin for Vaughn (deceased), and on behalf of herself, individually. Plaintiff is the

1

biological daughter of Vaughn, who was a resident of the city of Nashville in Davidson County, Tennessee. Decedent had no surviving spouse. Plaintiff is a proper party to bring this action on behalf of Decedent as next of kin, and also distinctly on her own behalf, pursuant to Tennessee Code 20-5-101 *et seq*.

2. Defendant SSC Nashville Operating Company, LLC, is a limited liability company d/b/a Greenhills Health and Rehabilitation Center, formed in Delaware, operating at 3939 Hillsboro Circle, Nashville, Tennessee, 37215, with the registered agent for service being CT Corporation System, 800 Gay St., Suite 2021, Knoxville, TN 37929-9710.

## JURISDICTION AND VENUE

3. The medical negligence that forms the basis of this action occurred in Davidson County, Tennessee, specifically at the Greenhills Health and Rehabilitation Center, located at 3939 Hillsboro Circle, Nashville, Tennessee, 37215.

4. There is diversity of citizenship between the Plaintiff and Defendant, with no member of the Defendant being domiciled in Tennessee, and therefore, jurisdiction and venue are proper in the U.S. District Court for the Middle District of Tennessee in Nashville, Davidson County, Tennessee, pursuant to 28 U.S.C.A. §1332.

## PROCEDURAL PREREQUISITES

5. Plaintiff complied with the Tennessee Malpractice Statute in the following manner:

A. Plaintiff's counsel sent notice to the Defendant of a potential malpractice claim on August 8, 2014, via certified mail, return receipt requested, pursuant to T.C.A. §29-26-121. (See

Notice of Claim of Malpractice, certificates of mailing and certified mail receipts, and Affidavit of Sean R. Richardson, attached hereto as collective Exhibit 1.)

B. Plaintiff's counsel has attached a Certificate of Good Faith pursuant to T.C.A. §29-26-122, establishing that an expert witness has been consulted and provided a written statement consistent with the Tennessee Medical Malpractice Act (Certificate of Good Faith attached hereto as Exhibit 2).

## FACTS

6. On August 6, 2014, Vaughn entered Defendant's rehabilitation center in satisfactory condition, following a below-knee amputation (hereinafter "Amputation 1") on July 3, 2014, at Nashville General Hospital (hereinafter "Nashville General").

7. On August 29, 2013, Vaughn was readmitted to Nashville General, due to negligently cared-for wounds, that severely broke down and got infected while he was in the care of Defendant's facility.

8. On September 5, 2013, due to the deteriorated condition of Vaughn's prior surgical site, which resulted from the negligent care planning and negligent care provided by Defendant's medical staff, Vaughn underwent surgery for an above-the-knee amputation (hereinafter "Amputation 2").

9. On September 11, 2013, Vaughn was again discharged from Nashville General to Defendant's facility in stable condition for post-surgical care.

10. On September 30, 2013, Vaughn had to be readmitted to Nashville General, due to wound break-down that again occurred while he was in Defendant's facility due to Vaughn's negligently cared-for wounds.

11. On October 3, 2013, Vaughn underwent surgery at Nashville General for a
3

Case 3:14-cv-02323   Document 1   Filed 12/03/14   Page 3 of 9 PageID #: 3

revision of his right above-knee amputation due to the severely infected wounds that had developed and worsened at the Defendant's facility (hereinafter "Amputation 3").

12. On October 14, 2013, Vaughn was discharged to an alternative facility, so that he could receive proper post-surgical care and not suffer from recurring wound problems stemming from negligent care at Defendant's facility.

13. While at Defendant's facility Vaughn was treated by doctors and other skilled healthcare professionals who prepared a treatment plan, and whose treatment plan and professional care was expected to comply with the standards of care in Middle Tennessee.

14. The treatment plan and related revisions and monitoring of such plan, which was the responsibility of Defendant's professional staff, was grossly inadequate to provide for the proper care and treatment of Plaintiff.

15. Defendant failed to modify the treatment plan to adequately and non-negligently provide for the proper care and treatment of Plaintiff.

16. Defendant failed to supervise its agents and employees in the proper implementation of its treatment plan for Plaintiff.

17. Defendant failed to monitor Plaintiff's condition on an ongoing basis to determine if Plaintiff's treatment plan was being complied with by its agents and employees, and/or, to ascertain the appropriateness of the treatment plan for the care and treatment of Plaintiff.

18. Defendant's facility was understaffed and/or defendant failed to properly train its staff, to assure that the care plan from the doctors was complied with, and that the Plaintiff's condition was regularly monitored.

19. Vaughn, while housed at Defendant's facility, developed and sustained severe and worsening pressure sores (also referred to herein throughout as "wounds"), and his amputated leg

was not adequately cleaned and kept dry to prevent infection and to promote healing.

20. Defendant's facility, through its medical employees and agents, failed to properly designate and monitor procedures for medical treatment sufficient to keep Vaughn's amputated leg clean and dry, and failed to keep it in a condition where it would be free from infection, so as to promote healing.

21. Plaintiff's leg condition deteriorated so dramatically that two additional amputations that should have been avoided, were required to be performed.

22. On May 16, 2014, Vaughn died, due in part to the negligent acts or omissions of Defendant, which greatly worsened and complicated Vaughn's health, and caused him to die much sooner than he would have otherwise.

## PLAINTIFF'S CAUSE OF ACTION

### Medical Negligence

23. Plaintiff alleges that Defendant committed medical negligence by failing to develop an adequate plan of care for Vaughn during his stay at Defendant's medical facility, and by negligently and/or willfully (at various times during his stay) failing to modify existing care plans when put on actual and constructive notice that the existing plans were not working, and that such failures led to the development of sustained severe and worsening pressure sores, necessitating otherwise unnecessary surgeries, and which led to extreme suffering of Vaughn, ultimately contributing to his untimely death.

24. The recognized standard of professional practice for a medical facility such as that of Defendant in Davidson County, Tennessee (or in a similar community), at the time of Vaughn's treatment by the Defendant for post-surgical wound care, in order to prevent the

formation and/or the worsening of pressure sores and infection at or near the surgical site, includes, but is not limited to:

(a) that initial and ongoing risk assessments be completed, and that prevention and treatment plans be put in place in order to prevent skin breakdown and the development or worsening of wounds;

(b) that such plan effectively provide for the patient's skin to be kept dry and clean, and that adequate hydration and nutrition be provided;

(c) that the facility supervise its agents and employees to assure that the plan is being properly implemented;

(d) that the facility monitor the patient's condition on an ongoing basis to ensure that the plan is effective in the care and treatment of the patient, and to determine if modification of the plan is needed;

(e) that the facility respond to a treatment plan that is not working by modifying the plan to achieve the goals; and,

(f) that a facility refer an inpatient to another facility if unable or unwilling to properly and non-negligently care for the patient and/or unable to modify existing treatment plans that are medically ineffective.

25. Defendant failed to act according to the prevailing standard of medical care in accordance with the above-referenced standards, including, but not limited to: by failing to develop a care plan sufficient to prevent the developing and/or worsening of severe wounds; by failing to keep Vaughn's surgical site dry and clean; by failing to adequately staff its facility and train its staff; by failing to properly supervise its staff; by failing to monitor Vaughn's condition and take necessary action; by failing to provide Vaughn with adequate hydration and nutrition;

by failing to adequately reposition Vaughn; by failing to respond to actual and constructive notice that the existing care plan was not effective; and, by failing to refer Vaughn to a different medical treatment facility when Defendant and its agents were unable or unwilling to provide proper medical care for him.

26. As a proximate result of Defendant's deviation from this standard of care, Vaughn suffered injuries which otherwise would not have occurred, including development of severe wounds that required two additional amputation surgeries with accompanying difficulties, both physical and mental pain and suffering, dramatic deterioration of his overall health and contribution to his subsequent death.

## DAMAGES

27. Plaintiff sues as a survival action on behalf of Decedent Vaughn as next of kin, pursuant to Tennessee Code 20-5-101 *et seq*. for any and all damages allowed for personal injuries, including but not limited to: Vaughn's physical and emotional pain and suffering; loss of enjoyment of life; mental anguish; medical expenses; physical impairment; and, disfigurement.

28. Plaintiff further sues Defendant for her personal loss of consortium of her father, and for mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to her, for whose use and benefit the right of action survives from the death, consequent upon the injuries received. *See* Tennessee Code §§20-5-10, 20-5-105, 20-5-106, and 20-5-113.

29. Plaintiff has suffered mental anguish and grief, loss of time, and many other expenses and complications due to the wrongful (premature) death of her father, Vaughn, who passed away on May 16, 2014, which death, upon information and belief, was a result of the

negligent acts of Defendant, set out above, which greatly worsened and complicated Vaughn's health, and caused him to die much sooner than he would have otherwise.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays:**

1. That Defendant be served with process and required to answer within the time provided by law.

2. That upon the final hearing of this matter, Plaintiff be awarded reasonable compensation from Defendant for the injuries described herein for compensatory damages in the amount of $750,000.00 for the estate of Vaughn.

3. That upon the final hearing of this matter, Plaintiff be awarded reasonable compensation from Defendant for the injuries described herein for compensatory damages in the amount of $750,000.00 for the loss of consortium of her father, and her resulting damages.

4. For such other and further relief as the Court deems appropriate and for discretionary costs and Court costs.

                            **RESPECTFULLY SUBMITTED,**

                            /s Mary A. Parker
                            Mary A. Parker (BPR 006016)
                            Stephen Crofford (BPR 012039)
                            **PARKER & CROFFORD**
                            1230 Second Ave. South,
                            Nashville, TN 37210
                            (615) 244-2445 (P); (615) 255-6037 (F)
                            SCrofford@Parker-Crofford.com (E)

MParker@Parker-Crofford.com (E)


/s Sean Richardson
Sean R. Richardson (BPR 032476)
Attorney for Plaintiff
**LAW OFFICE NASHVILLE, PLLC**
1230 Second Ave. South,
Nashville, TN 37210
(615) 945-2900 (P); (615) 255-6037 (F)
SeanRichardson@LawOfficeNashville.com (E)